**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

|  |  |
|---|---|
| ASA MOSSMAN, *et al.*, | |
| Plaintiffs, | Case No. 1:21-cv-00028-CJW-MAR |
| v. | Hon C.J. Williams |
| U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | |
| Defendants. | |

**ANSWER**

Defendants U.S. Centers for Disease Control and Prevention; Rochelle P. Walensky, M.D., Ph.D., in her official capacity as Director, Centers for Disease Control and Prevention; Sherri A. Berger, in her official capacity as Acting Chief of Staff, Centers for Disease Control and Prevention; Xavier Becerra, in his official capacity as Secretary of Health and Human Services; U.S. Department of Health and Human Services; and the United States of America,[1] hereby answer Plaintiffs' Complaint as follows.

Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of the Complaint. The remainder of the introductory section of the Complaint consists of characterizations of this lawsuit, legal argument, and conclusions of law, not allegations of fact to which a response is required.

**PARTIES**

1.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

---

[1] Defendants Berger and Becerra are automatically substituted as defendants in their official capacities pursuant to Federal Rule of Civil Procedure 25(d).

2.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

3.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

4.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

5.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

6.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

7.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

8.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

9.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

10.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

11.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

12.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

13.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

14.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

15.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

16.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

17.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

18.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

19.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

20.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

21.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

22.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

23.     Admit.

24.     Defendants admit that Rochelle P. Walensky is the Director of the CDC.  The remainder of this paragraph consists of characterizations of this lawsuit, not allegations of fact to which a response is required.

25.     As to the first sentence, Defendants admit that Nina B. Witkofsky was the Acting Chief of Staff for the CDC at the time the Complaint was filed; and aver that Sherri A. Berger is now

3

Acting Chief of Staff for the CDC. The second sentence consists of characterization of this lawsuit, not allegations of fact to which a response is required.

26.    Admit.

27.    Defendants admit that Norris Cochran was the Acting Secretary of Health and Human Services at the time this Complaint was filed; and aver that Xavier Becerra is now Secretary of Health and Human Services. The remainder of this paragraph consists of characterizations of this lawsuit, not allegations of fact to which a response is required.

28.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

**JURISDICTION AND VENUE**

29.    This paragraph consists of conclusions of law concerning jurisdiction, not allegations of fact to which a response is required.

30.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

31.    To the extent that this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations. To the extent that this paragraph consists of conclusions of law concerning venue, no response is required, but to the extent a response is deemed required, Defendants admit that the Complaint adequately pleads venue in this Court.

**STATEMENT OF FACTS**

32.    Defendants admit that on March 27, 2020, former President Trump signed into law an Act of Congress entitled the "Coronavirus Aid, Relief, and Economic Security Act," or the "CARES Act." Pub. L. No. 116-137 (2020). The remainder of this paragraph consists of characterizations of the CARES Act, not allegations of fact to which a response is required. To the

4

extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

33. Defendants admit only that on September 1, 2020, former Acting Chief of Staff for the CDC, Nina Witkofsky, issued an order entitled, "Temporary Halt in Residential Evictions to Prevent The Further Spread of COVID-19 (the "CDC Order"). The remainder of this paragraph consists of characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

34. Admit.

35. Defendants admit that the CDC Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

36. To the extent this paragraph consists of factual allegations regarding the effect of the CDC Order, Defendants lack sufficient knowledge or information to form a belief about the truth of its allegations. To the extent this paragraph consists of conclusions of law or characterizations of the CDC Order, no response is required. To the extent a response is deemed to be required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

37. As to the first sentence, Defendants admit that the CDC Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents. The remainder of this paragraph consists of conclusions of law or characterizations of the CDC Order to which no response

5

is required.  To the extent a response is deemed to be required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

38.     As to the first sentence, Defendants admit that the CDC Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.  The remainder of this paragraph consists of conclusions of law or characterizations of the CDC Order to which no response is required.  To the extent a response is deemed to be required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

39.     As to the first sentence, Defendants admit that the CDC Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.  Otherwise, deny.

40.     Admit.

41.     Defendants admit that the CDC Order was extended past December 31, 2020, and again on January 29, 2021, effective  January 31, 2021 through March 31, 2021. Defendants further admit that the CDC Order was issued and extended pursuant to 42 U.S.C. § 264 and 42 C.F.R. § 70.2. Otherwise, deny.

42.     This paragraph consists of conclusions of law or characterizations of the CDC Order to which no response is required.  To the extent a response is deemed to be required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

43.     This paragraph consists of legal argument, legal conclusions, and characterizations of the CDC Order to which no response is required.  To the extent a response is deemed to be required,

Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

44.     This paragraph consists of conclusions of law or characterizations of the CDC Order to which no response is required.  To the extent a response is deemed to be required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

45.     Defendants admit that, according to records kept by the CDC, as of March 17, 2021, more than 72 million Americans had received at least one dose of a Covid-19 vaccine, and more than 39 million Americans had been fully vaccinated.

46.     Defendants admit only that, according to records kept by the CDC, as of March 17, 2021, approximately 22% of the American population had received a first dose of a Covid-19 vaccine, and approximately 12% of the country had been fully vaccinated.

47.     Defendants admit that, according to news reports, as of March 17, 2021, the United States had at that time vaccinated more people against Covid-19 than Europe and China combined. Defendants further aver that, according to the news source cited in this paragraph of the Complaint, as of August 4, 2021, the European Union has administered 475.1 million doses of a Covid-19 vaccine, China has administered 1.7 billion doses of a Covid-19 vaccine, and the United States has administered 342.9 million doses of a Covid-19 vaccine.

48.     Defendants admit that the cited article (https://academic.oup.com/cid/article/72/ 12/e1010/6000389) estimates that about 53 million Americans had contracted Covid-19 by September 2020.

49.     This paragraph consists of legal argument, legal conclusions, and characterizations of the CDC Order to which no response is required.  To the extent a response is deemed to be required,

7

Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

50. This paragraph consists of legal argument and legal conclusions to which no response is required.

51. This paragraph consists of legal argument, legal conclusions, and characterizations of the CDC Order to which no response is required. To the extent a response is deemed to be required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

52. This paragraph consists of legal argument, legal conclusions, and characterizations of the CDC Order to which no response is required. To the extent a response is deemed to be required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents; Defendants further deny that Plaintiffs are irreparably harmed.

53. To the extent that this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations. To the extent this paragraph consists of legal argument, conclusions of law, and characterizations of the CDC Order, no response is required. To the extent a response is deemed to be required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents; Defendants further deny that Plaintiffs are irreparably harmed.

54. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

55. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

8

56. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

57. To the extent this paragraph consists of factual allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations. To the extent this paragraph consists of legal argument and conclusions of law, no response is required. To the extent a response is deemed to be required, denied.

58. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

59. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

60. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

61. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

62. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

63. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

64. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

65. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

66. The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

Case 1:21-cv-00028-CJW-MAR   Document 27   Filed 08/06/21   Page 9 of 31

67.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

68.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

69.     The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

70.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

71.     The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

72.     The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

73.     The last sentence is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

74.     The last clause is denied; Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

75.     Defendants admit only that the Governor of Oregon has issued an eviction moratorium. The last sentence is denied. Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

76.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first two sentences of this paragraph. The last two sentences of this paragraph consist of legal argument and conclusions of law to which no response is required. To the extent a response is deemed required, deny.

10

<u>**COUNT I**</u>

77.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

78.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the Administrative Procedure Act, which speaks for itself, and respectfully refer the Court to the Administrative Procedure Act for a full and accurate statement of its contents.

79.    This paragraph consists of conclusions of law and characterizations of the CDC Order and 42 U.S.C. § 264(a), not allegations of fact to which a response is required.  To the extent a response is required, Defendants deny any characterization of the CDC Order or 42 U.S.C. § 264(a), which speak for themselves, and respectfully refer the Court to the CDC Order and 42 U.S.C. § 264(a) for a full and accurate statement of their contents.

80.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

81.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

82.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent a response is required, Defendants deny any characterization of 42 C.F.R. § 70.2, which speaks for itself, and respectfully refer the Court to the regulation for a full and accurate statement of its contents.

83.    The first two sentences of this paragraph consist of characterizations of the CDC Order, not allegations of fact to which a response is required.  To the extent a response is required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.  As to the last two

11

sentences, Defendants admit that the original effective period of the CDC Order was from September 4, 2020 through at least December 31, 2020, and that it was reissued and reextended to March 31, 2021.

84. To the extent this paragraph consists of factual allegations regarding the effect of the CDC Order, Defendants lack sufficient knowledge or information to form a belief about the truth of its allegations. To the extent this paragraph consists of conclusions of law or characterizations of the CDC Order, no response is required. To the extent a response is deemed to be required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

85. This paragraph consists of characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is required, admit that the CDC Order contains the quoted text, excluding the bracketed alteration, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

86. This paragraph consists of characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is required, Defendants admit that the CDC Order contains the quoted text, but deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

87. This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

Case 1:21-cv-00028-CJW-MAR   Document 27   Filed 08/06/21   Page 12 of 31

88. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Loving v. United States*, 517 U.S. 748 (1996), or *Louisiana Public Service Commission v. FCC*, 476 U.S. 355, 374 (1986), which speak for themselves, and respectfully refer the Court to those cases for a full and accurate statement of their contents.

89. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

90. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

91. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The unnumbered paragraph following paragraph 91 consists of a prayer for relief as to Count I, to which no response is required. To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## COUNT II

92. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

93. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the Administrative Procedure Act, which speaks for itself, and respectfully refer the Court to the Administrative Procedure Act for a full and accurate statement of its contents.

94. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

13

95. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

96. This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

97. This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants admit that the cited opinion contains the quoted text, but deny any characterization of that opinion, which speaks for itself, and respectfully refer the Court to that opinion for a full and accurate statement of its contents, and otherwise deny.

98. This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

99. This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

100. This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents, and otherwise deny.

101. This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully

14

refer the Court to the CDC Order for a full and accurate statement of its contents, and otherwise deny.

102.     This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents, and otherwise deny.

103.     This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents, and otherwise deny.

104.     This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The unnumbered paragraph following paragraph 104 consists of a prayer for relief as to Count II, to which no response is required.  To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## Count III

105.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

106.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any

characterization of *Christopher v. Harbury*, 536 U.S. 403 (2002), which speaks for itself, and respectfully refer the Court to that case for a full and accurate statement of its contents.

107. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Christopher v. Harbury*, 536 U.S. 403 (2002), which speaks for itself, and respectfully refer the Court to that case for a full and accurate statement of its contents.

108. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

109. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

110. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

111. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

112. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any

characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

113.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

114.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

115.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

116.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

117.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

118.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of *Younger v. Harris*, 401 U.S. 37 (1971), or *Middlesex v. County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), which speaks for themselves, and respectfully refer the Court to those cases for a full and accurate statement of their contents.

17

119.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

120.     This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Plaintiffs have no ability to legally oust their tenants, and otherwise deny.

The unnumbered paragraph following paragraph 120 consists of a prayer for relief as to Count III, to which no response is required.  To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

**Count IV**

121.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

122.     Defendants admit that Article VI, Clause 2 of the U.S. Constitution contains the quoted text (but not the ellipsis), but deny any characterization of Article VI, Clause 2, which speaks for itself, and respectfully refer the Court to Article VI, Clause 2 for a full and accurate statement of its contents.

123.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of Article VI, Clause 2 of the United States Constitution, which speaks for itself, and respectfully refer the Court to Article VI, Clause 2 for a full and accurate statement of its contents.

124.     Defendants admit that *New York v. FERC*, 535 U.S. 1 (2002), contains the quoted text, but deny any characterization of that case, which speaks for itself, and respectfully refer the Court to the case for a full and accurate statement of its contents.

125.     Defendants admit that *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1679 (2019), contains the quoted text, but deny any characterization of that case, which speaks for itself, and respectfully refer the Court to the case for a full and accurate statement of its contents.

126.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of Article VI, Clause 2 of the United States Constitution, which speaks for itself, and respectfully refer the Court to Article VI, Clause 2 for a full and accurate statement of its contents.

127.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

128.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

129.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

130.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, Defendants deny any characterization of the CARES Act, which speaks for itself, and respectfully refer the Court to the CARES Act for a full and accurate statement of its contents.

131.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

132.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required.

133.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required.

The unnumbered paragraph following paragraph 133 consists of a prayer for relief as to Count IV, to which no response is required. To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

### Count V

134. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

135. Defendants admit that Article VI, Clause 2 of the U.S. Constitution contains the quoted text (but not the ellipsis), but deny any characterization of Article VI, Clause 2, which speaks for itself, and respectfully refer the Court to Article VI, Clause 2 for a full and accurate statement of its contents.

136. Defendants admit that the Tenth Amendment to the U.S. Constitution contains the quoted text, but deny any characterization of the Tenth Amendment, which speaks for itself, and respectfully refer the Court to the Tenth Amendment for a full and accurate statement of its contents.

137. This paragraph consists of characterizations of 42 U.S.C. § 264(a), not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of 42 U.S.C. § 264(a), which speaks for itself, and respectfully refer the Court to 42 U.S.C. § 264(a) for a full and accurate statement of its contents, and otherwise deny.

138. This paragraph consists of characterizations of 42 C.F.R. § 70.2, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of 42 C.F.R. § 70.2, which speaks for itself, and respectfully refer the Court to 42 C.F.R. § 70.2 for a full and accurate statement of its contents.

139. This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

20

140.    This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

141.    This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

142.    This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed required, Defendants deny any characterization of *Hillsborough Cty., Fla. v. Automated Medical Lab, Inc.*, 471 U.S. 707 (1985), and 42 U.S.C. § 264(e), which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

143.    The first sentence of this paragraph consists of characterizations of 42 U.S.C. § 264(e), not allegations of fact to which a response is required.  To the extent a response is deemed required, Defendants deny any characterization of 42 U.S.C. § 264(e), which speaks for itself, and respectfully refer the Court to 42 U.S.C. § 264(e) for a full and accurate statement of their contents.  The second sentence of this paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

144.    This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

145.    This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The unnumbered paragraph following paragraph 145 consists of a prayer for relief as to Count V, to which no response is required.  To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## Count VI

146.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

147.    Defendants admit that the Tenth Amendment to the U.S. Constitution contains the quoted text, but deny any characterization of the Tenth Amendment, which speaks for itself, and respectfully refer the Court to the Tenth Amendment for a full and accurate statement of its contents.

148.    This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed required, Defendants deny any characterization of *New York v. United States*, 505 U.S. 144 (1992), and *Printz v. United States*, 521 U.S. 898 (1997), which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

149.    This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required.  To the extent a response is required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

150.    This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required.  To the extent a response is deemed required, Defendants deny any characterization of *New York v. United States*, 505 U.S. 144 (1992), which speaks for itself, and respectfully refer the Court to that case for a full and accurate statement of its contents.

The unnumbered paragraph following paragraph 150 consists of a prayer for relief as to Count V, to which no response is required.  To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## Count VII

151.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

152.     Defendants admit that the U.S. Constitution and *Wayman v. Southard*, 23 U.S. 1 (1825) contain the quoted text (but not the emphasis or alterations), but deny any characterization of the U.S. Constitution or *Wayman*, which speak for themselves, and respectfully refer the Court to the U.S. Constitution and *Wayman* for a full and accurate statement of their contents.

153.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of *Mistretta v. United States*, 488 U.S. 361 (1989), which speaks for itself, and respectfully refer the Court to that case for a full and accurate statement of their contents.

154.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

155.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

156.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

157.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

158.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

159.     This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The unnumbered paragraph following paragraph 159 consists of a prayer for relief as to Count VII, to which no response is required. To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## Count VIII

160.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

161.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

162.     This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

163.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

164.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

165.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

166.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

167. This paragraph consists of conclusions of law, not allegations of fact to which a response is required.

168. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

169. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

170. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

The unnumbered paragraph following paragraph 170 consists of a prayer for relief as to Count VIII, to which no response is required. To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## Count IX

171. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

172. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

173. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of Article I, Section 8 of the Constitution, which speaks for itself, and respectfully refer the Court to Article I, Section 8 for a full and accurate statement of its contents.

174. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any

characterization of Article I, Section 8 of the Constitution, which speaks for itself, and respectfully refer the Court to Article I, Section 8 for a full and accurate statement of its contents.

175. This paragraph consists of conclusions of law and characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

176. As to the first sentence, Defendants admit that the Commerce Clause contains the quoted text (but not the ellipsis), but deny any characterization of the Commerce Clause, which speaks for itself, and respectfully refer the Court to the Commerce Clause for a full and accurate statement of its contents. The second sentence consists of legal argument and legal conclusions to which no response is required.

177. Defendants admit that the Necessary and Proper Clause contains the quoted text (but not the alteration), but deny any characterization of the Necessary and Proper Clause, which speaks for itself, and respectfully refer the Court to the Necessary and Proper Clause for a full and accurate statement of its contents.

178. This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

179. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of *Gonzales v. Raich*, 545 U.S. 1 (2005), which speaks for itself, and respectfully refer the Court to that case for a full and accurate statement of its contents.

180. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any

26

characterization of *Gonzales v. Raich*, 545 U.S. 1 (2005), which speaks for itself, and respectfully refer the Court to that case for a full and accurate statement of its contents.

181. This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

182. This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

183. This paragraph consists of legal argument and characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

184. This paragraph consists of legal argument and conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

185. Admit.

186. This paragraph consists of characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

187. This paragraph consists of characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

188. This paragraph consists of characterizations of the CDC Order, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny any

characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

189.    This paragraph consists of legal argument and characterizations of the CDC Order, not allegations of fact to which a response is required.  To the extent a response is deemed required, deny.

190.    This paragraph consists of legal argument, legal conclusions, and characterizations of the CDC Order, not allegations of fact to which a response is required.  To the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

191.    This paragraph consists of legal argument, legal conclusions, and characterizations of the CDC Order, not allegations of fact to which a response is required.  To the extent a response is deemed required, Defendants deny any characterization of the CDC Order, which speaks for itself, and respectfully refer the Court to the CDC Order for a full and accurate statement of its contents.

192.    This paragraph consists of legal argument and legal conclusions, not allegations of fact to which a response is required; to the extent a response is deemed to be required, deny.

193.    This paragraph consists of legal argument and legal conclusions, not allegations of fact to which a response is required; to the extent a response is deemed to be required, deny.

The unnumbered paragraph following paragraph 193 consists of a prayer for relief as to Count IX, to which no response is required.  To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## Count X

194.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

195.     This paragraph consists of characterizations of this lawsuit, not allegations of fact to which a response is required

196.     This paragraph consists of characterizations of this lawsuit, not allegations of fact to which a response is required

197.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required; to the extent a response is deemed to be required, deny.

198.     This paragraph consists of characterizations of this lawsuit and legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed to be required, Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

199.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required; to the extent a response is deemed to be required, deny.

200.     This paragraph consists of legal argument and legal conclusions, not allegations of fact to which a response is required; to the extent a response is deemed to be required, deny.

201.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required; to the extent a response is deemed to be required, deny.

202.     This paragraph consists of legal argument and legal conclusions, not allegations of fact to which a response is required; to the extent a response is deemed to be required, deny.

 The unnumbered paragraph following paragraph 202 consists of a prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

Defendants deny any and all allegations in the complaint not expressly admitted herein to which a response is deemed required.

29

## DEFENSES

1.      Plaintiffs lack standing to bring this action.

2.      The Complaint should be dismissed as moot.

3.      Plaintiffs fail to state a claim upon which relief may be granted.

4.      Defendants' actions did not violate the U.S. Constitution, the Administrative Procedure Act, or any other statutory or regulatory provision.

## CONCLUSION

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.


Dated:  August 6, 2021                              Respectfully submitted,


                                                    BRIAN M. BOYNTON
                                                    Acting Assistant Attorney General

                                                    ERIC BECKENHAUER
                                                    Assistant Director, Federal Programs Branch

                                                    /s/ John Robinson
                                                    STEVEN A. MYERS
                                                    Senior Trial Counsel (NY Bar No. 4823043)
                                                    JOHN ROBINSON
                                                    Trial Attorney (DC Bar No. 1044072)
                                                    United States Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    1100 L Street, NW
                                                    Washington, DC 20005
                                                    Tel:  (202) 616-8489
                                                    E-mail:  john.j.robinson@usdoj.gov

                                                    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: August 6, 2021

/s/ John Robinson
John Robinson