IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ASA MOSSMAN, *et al.*, | |
| Plaintiffs, | Case No. 1:21-cv-00028-CJW-MAR |
| v. | Hon. C.J. Williams<br>Hon. Mark A. Roberts |
| U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AS MOOT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 1

LEGAL STANDARD ........................................................................................................................ 3

ARGUMENT .................................................................................................................................... 3

I.     The Case Is Moot Because CDC Is Bound By A Nationwide Judgment Vacating The Eviction Moratorium. ........................................................................................................ 3

II.    No Exception To Mootness Applies. ................................................................................. 6

       A.     This Case Does Not Satisfy The Voluntary Cessation Exception To Mootness .......... 6

       B.     This Case Does Not Satisfy The Capable Of Repetition, Yet Evading Review Exception To Mootness. ................................................................................................ 7

CONCLUSION ................................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Abdurrahman v. Dayton*,
   903 F.3d 813 (8th Cir. 2018) ............................................................................................. 8

*Ala. Ass'n of Realtors v. HHS*,
   --- U.S. ----, 2021 WL 3783142 (Aug. 26, 2021) ..................................................... 1, 2, 5, 8

*Ala. Ass'n of Realtors v. HHS*,
   2021 WL 1779282 (D.D.C. May 5, 2021) ...................................................................... 2, 7

*Ala. Ass'n of Realtors v. HHS*,
   2021 WL 1946376 (D.D.C. May 14, 2021) ....................................................................... 2

*Already, LLC v. Nike, Inc.*,
   133 S. Ct. 721 (2013) ......................................................................................................... 1

*Alvarez v. Smith*,
   558 U.S. 87 (2009) ......................................................................................................... 4, 5

*Am. Bar Ass'n v. FTC*,
   636 F.3d 641 (D.C. Cir. 2011) ........................................................................................... 7

*Apartment Assocs., LLC v. Cuomo*,
   No. 20-2565-CV, 2021 WL 3009153 (2d Cir. July 16, 2021) ........................................... 5

*Arizonans for Official English v. Arizona*,
   520 U.S. 43 (1997) ............................................................................................................ 4

*Beck v. Mo. State High Sch. Activities Ass'n*,
   18 F.3d 604 (8th Cir. 1994) ............................................................................................... 8

*Brown v. Azar*,
   4 F.4th 1220 (11th Cir. 2021) ............................................................................................ 8

*City News & Novelty, Inc. v. City of Waukesha*,
   531 U.S. 278 (2001) ...................................................................................................... 6, 7

*Doe v. Nixon*,
   716 F.3d 1041 (8th Cir. 2013) ........................................................................................... 6

*Friends of the Earth, Inc. v. Laidlaw Envt'l Serv. (TOC), Inc.*,
   528 U.S. 167 (2000) ...................................................................................................... 6, 7

*Gagliardi v. TJCV Land Tr.*,
   889 F.3d 728 (11th Cir. 2018) ........................................................................................... 6

*Greenman v. Jessen*,
 787 F.3d 882 (8th Cir. 2015) ................................................................................................5

*Hickman v. State of Mo.*,
 144 F.3d 1141 (8th Cir. 1998) ..................................................................................... 6, 7, 8

*Hillesheim v. Holiday Stationstores, Inc.*,
 903 F.3d 786 (8th Cir. 2018) ................................................................................................4

*Iowa Protection & Advocacy Servs. v. Tanager, Inc.*,
 427 F.3d 541 (8th Cir. 2005) ................................................................................................6

*Lujan v. Defs. of Wildlife*,
 504 U.S. 555 (1992) .............................................................................................................4

*Marine Equip. Mgmt. Co. v. United States*,
 4 F.3d 643 (8th Cir. 1993) ...................................................................................................3

*Missouri ex rel. Nixon v. Craig*,
 163 F.3d 482 (8th Cir. 1998) ............................................................................................ 4, 8

*Mokdad v. Sessions*,
 876 F.3d 167 (6th Cir. 2017) ................................................................................................7

*Moore v. La. Bd. of Elementary & Secondary Educ.*,
 743 F.3d 959 (5th Cir. 2014) ................................................................................................6

*Neighborhood Transp. Network, Inc. v. Pena*,
 42 F.3d 1169 (8th Cir. 1994) ................................................................................................3

*Parkhurst v. Tabor*,
 569 F.3d 861 (8th Cir. 2009) ................................................................................................4

*Prowse v. Payne*,
 984 F.3d 700 (8th Cir. 2021) ............................................................................................ 4, 5

*Raines v. Byrd*,
 521 U.S. 811 (1997) .............................................................................................................3

*Simon v. E. Ky. Welfare Rights Org.*,
 426 U.S. 2637 (197 ..............................................................................................................3

*South Dakota v. Hazen*,
 914 F.2d 147 (8th Cir. 1990) ............................................................................................ 4, 5

*Spencer v. Kemna*,
 523 U.S. 1 (1998) .................................................................................................................8

*Teague v. Cooper*,
 720 F.3d 973 (8th Cir. 2013) ..................................................................................................6

*Tiger Lily v. HUD*,
 5 F.4th 666 (6th Cir. 2021) ......................................................................................................8

*TransUnion LLC v. Ramirez*,
 141 S. Ct. 2190 (2021) ............................................................................................................4

*United States v. Sanchez-Gomez*,
 138 S. Ct. 1532 (2018) ........................................................................................................ 6, 7

**Statutes**

Consolidated Appropriations Act, 2021,
 Pub. L. No. 116-260, 134 Stat. 1182, 2079 (2020) ............................................................ 6, 7

**Regulations**

Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19,
 85 Fed. Reg. 55,292 (Sept. 4, 2020) .......................................................................................1

Temporary Halt in Residential Evictions in Communities With Substantial or High Transmission of COVID-19 To Prevent the Further Spread of COVID-19,
 86 Fed. Reg. 43,244 (Aug. 3, 2021) ........................................................................................2

## INTRODUCTION

This case is moot because Plaintiffs have received complete relief from a nationwide ruling entered by another court in a case filed months before this one. Over a year ago, the Centers for Disease Control and Prevention ("CDC") issued a moratorium on certain residential evictions to help slow the spread of COVID-19. But while CDC emphatically believed that the moratorium was a lawful and appropriate exercise of its authority under the Public Health Service Act, the Supreme Court ruled otherwise last month when it lifted a stay pending appeal of a district court judgment that had vacated the moratorium on a nationwide basis. *See Ala. Ass'n of Realtors v. HHS*, --- U.S. ----, 2021 WL 3783142, at *4 (Aug. 26, 2021). That district court judgment vacating the eviction moratorium is thus in full force and effect, and CDC has acknowledged that further review would be futile and accordingly dismissed its appeal.

By the time Plaintiffs filed their summary judgment motion in this case, the Supreme Court had already ended the moratorium Plaintiffs challenge. At this point, there is no dispute left for the Court to adjudicate: the challenged moratorium no longer applies in any district of the United States; it is not causing Plaintiffs any injury; and this Court cannot redress any injury by vacating a moratorium that no longer exists. And CDC is no longer asking this Court, or any other, to hold that it had statutory authority to order the eviction moratorium. The parties' former dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights," *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013) (internal quotation marks omitted), and the case must therefore be dismissed as moot.

## BACKGROUND

On September 4, 2020, CDC first issued the eviction moratorium that Plaintiffs challenged in this case. *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020). CDC explained that the movement of evicted renters can lead to

"multiple outcomes that increase the risk of COVID-19 spread," *id.* at 55,294, including the possibility of evicted renters moving in with friends or family, or into a homeless shelter—both situations in which COVID-19 easily spreads. *See generally id.* CDC thus provided that "a landlord . . . shall not evict any covered person from any residential property in any State . . . that provides a level of public-health protections below the requirements listed in [the] Order." *Id.* at 55,296.[1] The Order did not alter a tenant's obligation to pay rent or comply with any other contractual obligation, nor did it preclude evictions for any reason other than the nonpayment of rent. *See id.* at 55,294.

The original Order would have expired by its own terms on December 31, 2020. *See id.* at 55,292. On December 27, 2020, however, President Trump signed legislation that extended the Order through January 31, 2021. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. N, tit. V, § 502, 134 Stat. 1182, 2079 (2020). CDC subsequently extended the Order through July 31, 2021, *see* 86 Fed. Reg. 8,020, 16,731, 34,010, and on August 3, 2021, it issued a narrowed moratorium that applied only in areas with substantial or high levels of COVID-19 spread. *See* 86 Fed. Reg. 43,244.

On August 26, 2021, the Supreme Court entered an order in *Alabama Association of Realtors v. Department of Health & Human Services*, --- S. Ct. ----, 2021 WL 3783142 (Aug. 26, 2021). In that case, a district court had held that CDC lacked statutory authority to impose the eviction moratorium and vacated it on a nationwide basis, --- F. Supp. 3d ----, 2021 WL 1779282 (D.D.C. May 5, 2021), but stayed its judgment pending appeal, --- F. Supp. 3d ----, 2021 WL 1946376 (D.D.C. May 14, 2021). On August 26, 2021, the Supreme Court granted the plaintiffs' motion to vacate the stay, stating that "[t]he applicants not only have a substantial likelihood of success on the merits—it is difficult to imagine them losing." *Ala. Ass'n of Realtors*, 2021 WL 3783142, at *3. As the Court concluded, "[i]f a

---

[1] To qualify as "covered persons," tenants were obligated to declare that they had used best efforts to obtain governmental assistance to make rental payments, met certain financial conditions, and would likely experience homelessness or need to move into shared housing if evicted, among other requirements. *See generally id.* at 55,297.

2

federally imposed eviction moratorium is to continue, Congress must specifically authorize it." *Id.* at *4. Because the Supreme Court made clear that further review would be futile, CDC dismissed its appeal. *See Ala. Ass'n of Realtors*, Doc. No. 1912768 (D.C. Cir. Sept. 3, 2021). CDC thus is and will remain bound by the district court judgment vacating the eviction moratorium on a nationwide basis.

Plaintiffs filed this putative class action on March 18, 2021—more than six months after CDC first entered the eviction moratorium—and did not seek any form of expedited relief. *See generally* Compl., ECF No. 1. They filed an amended complaint on August 24, 2021. *See* ECF No. 34. Two days after filing their amended complaint, and four days after the Supreme Court ended the eviction moratorium, they filed their motion for summary judgment. *See* ECF No. 41 ("Pls.' Mot."). On September 9, 2021, the Court stayed briefing on Plaintiffs' motion for summary judgment "pending a ruling on defendant's anticipated motion to dismiss for mootness." ECF No. 44. Defendants now move to dismiss this case as moot.

## LEGAL STANDARD

"When a case . . . no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994). This requirement "applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." *Marine Equip. Mgmt. Co. v. United States,* 4 F.3d 643, 646 (8th Cir. 1993).

## ARGUMENT

I.  **The Case Is Moot Because CDC Is Bound By A Nationwide Judgment Vacating The Eviction Moratorium.**

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)). "The case or controversy requirement has been effectuated by several doctrines, the most important

3

of which is standing." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009). To establish standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiffs bear the burden of showing that they have standing. *Id.* at 2207.

"Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). "[A] case becomes moot 'when changed circumstances already provide the requested relief and eliminate the need for court action.'" *Prowse v. Payne*, 984 F.3d 700, 702 (8th Cir. 2021) (quoting *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018)). In such circumstances, the court "must refrain from reaching the merits because any opinion issued would be merely 'advisory' and rest on hypothetical underpinnings." *Missouri*, 163 F.3d at 484 (quoting *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990)).

Under a straightforward application of these principles, this case is moot. CDC is now bound by a judgment vacating the eviction moratorium on a nationwide basis and is no longer seeking relief from that judgment. The moratorium is not causing Plaintiffs any injury, and there is nothing for this Court to redress. Thus, the parties' former dispute about the CDC Order's lawfulness is "no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Alvarez v. Smith*, 558 U.S. 87, 93 (2009). Accordingly, as other courts and litigants have recognized in challenges to the eviction moratorium, Plaintiffs' challenge to the Order is moot. *See, e.g.*, *Rahman v. CDC*, No. 21-4299, ECF No. 13 (N.D. Ill. Aug. 29, 2021) ("If the government decides to abandon the appeal of the

summary judgment order in Alabama Association of Realtors v. HHS . . . , then his case would be apparently moot, because the summary judgment order was not limited to the plaintiffs in that case."); *Rahman*, ECF No. 16 (voluntarily dismissing claims because "the summary judgment order of the district court in *Alabama Realtors* has nationwide effect"); *Landlord Service Bureau v. CDC*, No. 21-346, ECF No. 45 (W.D. Pa. Sept. 3, 2021) (stipulating to dismissal of case "on the grounds that [the action] is moot"); *Skyworks, Ltd. v. CDC*, No. 21-3563, Doc. 18 (6th Cir. Sept. 9, 2021) (moving to voluntarily dismiss appeal); *Chambless Enters. v. Walensky*, No. 21-30037, Doc. 00516006957 (5th Cir. Sept. 9, 2021) (same); *cf. 36 Apartment Assocs., LLC v. Cuomo,* No. 20-2565-CV, 2021 WL 3009153, at *2 (2d Cir. July 16, 2021) (dismissing as moot challenge to New York State eviction moratorium after moratorium expired).

While Plaintiffs may continue to maintain that the Order was unlawful, their request for a redundant ruling about the lawfulness of the Order, "abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies.'" *Alvarez*, 558 U.S. at 93. It does not matter whether Plaintiffs would like to keep litigating to obtain guidance from this Court regarding the lawfulness of hypothetical future orders. Such guidance would constitute "an advisory opinion where nothing [the Court] might say would affect the rights of the parties *in this case*." *Hazen*, 914 F.2d at 150 (emphasis in original). And even if Plaintiffs were entitled to such hypothetical guidance (and they are not), the Supreme Court has already provided it, stating that "[i]f a federally imposed eviction moratorium is to continue, Congress must specifically authorize it." *Ala. Ass'n of Realtors*, 2021 WL 3783142, at *3. The Supreme Court's decision and the district court's binding, nationwide judgment "provide [Plaintiffs'] requested relief and eliminate the need for court action." *Prowse*, 984 F.3d at 702. The Eighth Circuit has held that cases are moot in similar circumstances. *See, e.g.*, *Greenman v. Jessen*, 787 F.3d 882, 891–92 (8th Cir. 2015) (holding that claims for injunctive and declaratory relief became moot where another court's holding foreclosed possibility

5

of future injury to plaintiff); *Doe v. Nixon*, 716 F.3d 1041, 1051–52 (8th Cir. 2013) (same); *see also Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018) (dismissing as moot claims for declaratory and injunctive relief where another court enjoined a challenged construction project in another case brought by different plaintiffs); *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (dismissing as moot challenge to statutory provision where another court invalidated the provision in another case brought by different plaintiffs).

## II.     No Exception To Mootness Applies.

The Supreme Court has recognized two limited exceptions to the mootness doctrine. First, courts have held that mere "voluntary cessation" of a challenged action may not moot a case if that action could reasonably be expected to recur. *See Hickman v. State of Mo.*, 144 F.3d 1141, 1143–44 (8th Cir. 1998). Second, courts will sometimes resolve otherwise moot controversies that are "capable of repetition, yet evading review." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018). Neither exception applies here.

### A.     This Case Does Not Satisfy The Voluntary Cessation Exception To Mootness.

This case does not satisfy the voluntary cessation exception. Under that exception, a party's voluntary cessation of challenged action may not moot a challenge to that action absent a sufficient showing that the defendant will not resume the challenged action. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envt'l Serv. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The Eighth Circuit has explained that the exception applies where the "defendant attempts to avoid . . . review by voluntarily ceasing allegedly illegal conduct." *Iowa Protection & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 543 (8th Cir. 2005); *accord, e.g.*, *Teague v. Cooper*, 720 F.3d 973, 978 (8th Cir. 2013) (exception did not apply where legislature was not "seeking to moot a case" (internal quotation marks omitted)). The exception "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278,

6

284 (2001); *see also Friends of the Earth*, 528 U.S. at 189 (exception is designed to prevent party from temporarily ceasing challenged action and then "return[ing] to his old ways").

But the exception does not apply here, where CDC did not *voluntarily* cease the eviction moratorium, let alone take any action designed to "evade judicial review." *City News & Novelty*, 531 U.S. at 284. Rather, a court *ordered*, over CDC's objection, that the eviction moratorium be vacated. *See Ala. Ass'n of Realtors*, 2021 WL 1779282, at *9. Courts have held that "the voluntary-cessation doctrine does not apply" where "the government's actions were not voluntary." *Mokdad v. Sessions*, 876 F.3d 167, 171 (6th Cir. 2017) (voluntary cessation doctrine did not apply where government did not voluntarily cease challenged action but rather did so to comply with district court order); *see also, e.g., Am. Bar Ass'n v. FTC*, 636 F.3d 641, 648 (D.C. Cir. 2011) (doctrine did not apply because government's abandonment of policy "was not voluntary"). Defendants' compliance with a nationwide judgment vacating the eviction moratorium is "more than a mere voluntary cessation of alleged illegal conduct, where [the Court] would leave the defendants free to return to their own ways." *Hickman*, 144 F.3d at 1144 (alterations and internal quotation marks omitted). Rather, Defendants are bound by a nationwide judgment holding that the eviction moratorium is unlawful. *See id.* (doctrine did not apply where "resumption of the challenged conduct [did] not depend solely on the defendants' capricious actions" because defendants "[could not] resume" the challenged conduct (internal quotation marks omitted)). There is thus no reasonable expectation that the challenged action will recur.

### B. This Case Does Not Satisfy The Capable Of Repetition, Yet Evading Review Exception To Mootness.

Nor does this case satisfy the exception for cases that are "capable of repetition, yet evading review." *Sanchez-Gomez*, 138 S. Ct. at 1540. This exception applies only "in exceptional situations, where . . . (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to

7

the same action again." *Hickman*, 144 F.3d at 1142–43 (alterations omitted) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). Plaintiffs, as the parties asserting jurisdiction, "bear[] the burden of showing the presence of both requirements." *Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018). They cannot show either.

Most obviously, as noted above, there is no "reasonable expectation" that Plaintiffs will be "subject to the same action again." *Hickman*, 144 F.3d at 1143. "To raise a reasonable expectation, [plaintiff] must show a demonstrated probability of recurrence; a theoretical possibility is insufficient." *Beck by Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 606 (8th Cir. 1994). But, as noted, there is no reasonable expectation that Plaintiffs will be subject to the same action again given the rulings in the *Alabama Association of Realtors* case.

Nor can Plaintiffs show that the challenged activity is inherently too short in duration to be fully litigated prior to cessation or expiration. *Hickman*, 144 F.3d at 1142–43. Notably, "[a] party seeking to establish that time is too short to litigate a claim must take advantage of legal avenues that would allow for litigation within the necessary time constraints." *Abdurrahman*, 903 F.3d at 817. Thus, an action "does not evade review if the short duration results from the party's failure to file suit sooner" or to seek expedition. *Id.* at 818; *see also, e.g.*, *Craig*, 163 F.3d at 485 (factor not satisfied where "Missouri chose not to seek expedited review and relief"). Here, during the pendency of the CDC Order, multiple sets of plaintiffs obtained judicial review. *See, e.g.*, *Ala. Ass'n of Realtors*, 2021 WL 3783142; *Brown v. Azar*, 4 F.4th 1220 (11th Cir. 2021) (affirming denial of preliminary injunction); *Tiger Lily v. HUD*, 5 F.4th 666 (6th Cir. 2021) (final judgment that Order exceeds CDC's statutory authority). There is no reason to believe that any future order would evade review if a plaintiff were diligent about pursuing his claims. Unlike numerous other groups of plaintiffs, however, Plaintiffs in this case did not file a motion seeking judicial relief until the eviction moratorium had already been vacated.

## CONCLUSION

The Court should dismiss this case as moot.

Dated: September 13, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

/s/ John Robinson
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
JOHN ROBINSON
Trial Attorney (DC Bar No. 1044072)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 616-8489
E-mail: john.j.robinson@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: September 13, 2021

/s/ John Robinson
John Robinson
